12cv1163 SRN/JJG

RECEIVED
BY MAIL

MAY 1 5 2012

STATE OF MINNESOTA

COUNTY OF CARVER

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MN

FIRST JUDICIAL DISTRICT

---

Kim Miles,

      Plaintiff,

vs.

Northcott Hospitality International, LLC,

      Defendants.

Court File No.: _____
Case Type 7: Employment

**SUMMONS**

---

THIS SUMMONS IS DIRECTED TO DEFENDANT NORTHCOTT HOSPITALITY
INTERNATIONAL, LLC:

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The
   Plaintiff's Complaint against you is attached to this summons. Do not throw these papers
   away. They are official papers that affect your rights. You must respond to this lawsuit
   even though it may not yet be filed with the Court and there may be no court file number
   on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You
   must give or mail to the person who signed this summons a **written response** called an
   Answer within 20 days of the date on which you received this Summons. You must send
   a copy of your Answer to the person who signed this summons located at:

   HALUNEN & ASSOCIATES
   1650 IDS Center
   80 South Eighth Street
   Minneapolis, MN 55402
   612-605-4098

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to
   the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree
   with each paragraph of the Complaint. If you believe the Plaintiff should not be given
   everything asked for in the Complaint, you must say so in your Answer.



1

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer with 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to context the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated this 24th day of April, 2012.

HALUNEN & ASSOCIATES

Clayton Halunen, Atty. No. 219721
Jacob Frey, Atty. No. 0390224
IDS Center, Suite 1650
80 South Eighth Street, Suite 1650
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099

*Attorneys for Plaintiff*

2

STATE OF MINNESOTA

COUNTY OF CARVER

DISTRICT COURT

FIRST JUDICIAL DISTRICT

Court File No.: _____
Case Type 7: Employment

Kim Miles,

        Plaintiff,

vs.

Northcott Hospitality International, LLC,

        Defendants.

**COMPLAINT AND
JURY DEMAND**

---

The Plaintiff, Kim Miles, for her Complaint against Defendant, states and alleges as follows:

## PARTIES

1.      Plaintiff resides in the City of New Richmond, County of St. Croix, State of Wisconsin.

2.      At all relevant times, Plaintiff was employed by Defendant Northcott Hospitality International, LLC (Northcott).  Northcott is a company that develops and operates restaurants and hotels.  Specifically, Northcott operates several locations for AmericInn, Perkins Restaurant and Bakery, Houlihan's, and Three Rivers Hospitality.  Northcott has offices and provides services to consumers in the City of Chanhassen, County of Carver, State of Minnesota.

## JURISDICTION AND VENUE

3.      This is an action brought under the Minnesota Human Rights Act ("MHRA") for discrimination based on sex and disability, retaliation for reporting such discrimination, and failure to accommodate; and under the Americans with Disabilities Act ("ADA") for

1

discrimination based on disability, failure to accommodate and retaliation for reporting such discrimination.

4.     The jurisdiction of this Court is invoked as the violations occurred in the State of Minnesota and involve violations of the MHRA.  Venue is proper as Defendant maintains offices and provides services in Carver County.

## FACTS

5.     Plaintiff began working for Defendant on September 13, 2010, as an Account Manager.

6.     As an account manager, Plaintiff was responsible for ensuring that the AmericInns within her zone—which amounted to approximately 51 properties in total—passed brand standards, and were run in accordance with specifications instituted by Northcott. Plaintiff's responsibilities included: marketing for hotels, training hotel staff, facilitating the opening of new properties, inspection of properties to ensure that brand standards are met, enforcing brand standards, acting as liaison between Northcott department and hotel franchisees, and fielding any problems or issues experienced by franchisees.

7.     Ms. Miles performed her job adequately, and received positive feedback from management.  Plaintiff received positive feedback from AmericInn General Managers and owners.

8.     In February 2011, Nasir Raja became the Vice President of Operations in charge of AmericInn. Mr. Raja became Plaintiff's supervisor.

9.     Mr. Raja was immediately hostile to Plaintiff, as well as other women he supervised.  Mr. Raja made disparaging comments towards Ms. Miles, and other women he supervised.  Mr. Raja told Ms. Miles to "Shutup!" when she spoke in a group setting, and would put his hand up and say "just stop it." Mr. Raja routinely yelled at female employees, but treated male employees with respect.

2

10. Managers and co-workers reported Mr. Raja's abusive, and discriminatory behavior.

11. In Plaintiff's 2011 midyear review, referred to as the Northcott Achievement Plan ("NAP"), Mr. Raja handed Plaintiff several false statements that he had written, and forced her to adopt the false statements as her own by transcribing them on the "Employee Comment" line in the NAP. The Employee Comment line is a section in the NAP reserved for the employee's own comments regarding the situation.

12. Following Mr. Raja's conduct in forcing Plaintiff to adopt Mr. Raja's comments as her own, Plaintiff reported to the Northcott Human Resources Department ("HR") that she was being discriminated against based on her gender, and subjected to disparaging remarks by Mr. Raja.

13. Defendant did not conduct an investigation of Plaintiff's claims following Plaintiff's report. To date, no apparent action has been taken by Defendant into Mr. Raja's behavior.

14. On January 17, 2012, Plaintiff told Mr. Raja that she suffered from Meniere's disease; a disorder of the inner ear that affects balance and hearing.

15. On January 18, 2012, Mr. Raja ceased nearly all communication with Plaintiff. Mr. Raja only talked to Plaintiff if he was telling her that she was removed from projects, or when he was insulting her.

16. On January 26, 2012, Plaintiff spoke with HR again, and told HR that Mr. Raja was "setting her up for failure" by giving her projects that were impossible to complete with little or no direction. During the meeting, Plaintiff also told HR that, while Mr. Raja's treatment was discriminatory and harassing before she informed him that she had Meniere's disease, his treatment had since gotten worse.

17. Defendant did not investigate Plaintiff's complaint, and no corrective action was taken with regard to Mr. Raja's treatment.

3

18.     As of February 6, 2012, Ms. Miles was still being subjected to discriminatory treatment.

19.     On February 6, 2012, Plaintiff sent another complaint to HR, reiterating many of the above-mentioned complaints, and indicating her frustration with the apparent lack of action. Ms. Jean Wall of Northcott's HR department responded, stating that a formal investigation had been initiated. Still, Mr. Raja's discriminatory treatment continued.

20.     On February 13, 2012, Plaintiff sent an email to Mr. Raja informing him of her deteriorating health condition, and her impaired hearing. Plaintiff told Mr. Raja that she was unable to work from the office because the noise of a busy work environment affected her ability to fully hear telephone conversations.

21.     In the February 13, 2012 email, Plaintiff requested that Mr. Raja accommodate her disability by allowing her to work from home. Other male employees were permitted to work from home. Mr. Raja refused to accommodate Plaintiff's request.

22.     On February 17, 2012, Plaintiff's ear nose and throat doctor, Dr. Adams, provided Plaintiff with the necessary FMLA paperwork. Dr. Adams indicated that Plaintiff had a 10 to 15 decibel loss in hearing over the preceding month. Dr. Adams called this loss "significant." Dr. Adams required Plaintiff to take a minimum of one-month leave.

23.     Plaintiff has attempted to endure Mr. Raja's harassment and discriminatory treatment for a full year. And, notwithstanding Plaintiff's pleas to HR and management to address Mr. Raja's conduct, the treatment has continued.

24.     As a result of Mr. Raja's egregious and continuous discrimination against Plaintiff, Plaintiff is now in a state of depression. From May 2011 through February 2012, Plaintiff cried on 5 out of 7 days because of Mr. Raja's treatment.

25.     As a direct and proximate result of Defendant's illegal conduct, Plaintiff was discharged or constructively discharged from her employment. She has suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation, loss of self-esteem, loss of reputation, loss of sleep and loss of appetite. Plaintiff was prevented, and will continue to

4

be prevented, from performing her normal daily activities and obtaining the full enjoyment of life, has sustained loss of earnings, benefits and earning capacity, has incurred and will continue to incur other related damages. Plaintiff has also incurred attorney's fees and expenses and other serious damages.

## COUNT ONE
### DISCRIMINATION BASED ON SEX
### IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

26. Plaintiff realleges each and every paragraph of this Complaint.

27. Defendant engaged in unlawful employment practices involving Plaintiff based upon her gender in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et. seq.* These practices include, but are not limited to, Defendant's constructive discharge of Plaintiff from her employment, harassing Plaintiff, scrutinizing Plaintiff's performance, making degrading comments to Plaintiff, failure to accommodate Plaintiff's disability, and failure to promote Plaintiff and/or to provide Plaintiff and other women with the same resources for advancement as those provided to men.

28. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

29. The unlawful employment practices complained above were intentional and were performed by Defendant with malice or with reckless indifference to anti-discrimination laws that protect Plaintiff.

30. Defendant's policies, procedures and customs adversely impacted Plaintiff because of her sex.

5

31.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages.

### COUNT TWO
### DISABILITY DISCRIMINATION IN
### VIOLATION OF THE MHRA, AND THE ADA, FAILURE TO ACCOMMODATE AND HOSTILE ENVIRONMENT BASED ON DISABILITY

32.     Plaintiff realleges each and every paragraph of this Complaint.

33.     Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. sec. 363A.01 *et. seq.* and Title I of the Americans with Disabilities Act. These practices include, but are not limited to, Defendant's denial of employment opportunities to Plaintiff and failure to provide a reasonable accommodation to Plaintiff because of her disabilities, because Plaintiff was perceived as having a disability, and because Plaintiff had a record of having a disability.

34.     Defendant failed to take all reasonable steps to prevent the discrimination and hostile environment based upon Plaintiff's disability from occurring.

35.     Plaintiff was retaliated against in the terms, conditions and privileges of her employment after she complained of illegal discrimination including but not limited to being subjected to disciplinary actions, suspension and termination or constructive discharge.

36.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her disability.

6

37.     The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws which protect Plaintiff.

38.     Plaintiff was constructively discharged from her employment.  Defendant engaged in a pattern of conduct intending to force Plaintiff to leave and/or created an environment or conditions that made it a reasonably foreseeable consequence that Plaintiff would leave her employment.

39.     As a direct and proximate result of Defendant's illegal conduct, Plaintiff was discharged or constructively discharged from her employment.  She has suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation, loss of self esteem, loss of reputation, loss of sleep and loss of appetite.  Plaintiff was prevented, and will continue to be prevented, from performing her normal daily activities and obtaining the full enjoyment of life, has sustained loss of earnings, benefits and earning capacity, has incurred and will continue to incur other related damages.  Plaintiff has also incurred attorney's fees and expenses and other serious damages.

## COUNT THREE
### REPRISAL DISCRIMINATION IN VIOLATION OF
### THE MINNESOTA HUMAN RIGHTS ACT

40.     Plaintiff realleges each and every paragraph of this Complaint.

41.     Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful retaliation against Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. sec. 363A.01 *et. seq.* and Title I after she reported and objected to discriminatory treatment and requested reasonable accommodations.

7

42.    Defendant failed to take all reasonable steps to prevent retaliation against Plaintiff from occurring.

43.    The actions of Defendant adversely affected the terms, conditions and privileges of Plaintiff's employment.

44.    Plaintiff was constructively discharged from her employment.  Defendant engaged in a pattern of conduct intending to force Plaintiff to leave and/or created an environment or conditions that made it a reasonably foreseeable consequence that Plaintiff would leave her employment.

45.    The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her complaints and objections.

46.    As a direct and proximate result of Defendant's illegal conduct, Plaintiff was discharged or constructively discharged from her employment. She has suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation, loss of self-esteem, loss of reputation, loss of sleep and loss of appetite.  Plaintiff was prevented, and will continue to be prevented, from performing her normal daily activities and obtaining the full enjoyment of life, has sustained loss of earnings, benefits and earning capacity, has incurred and will continue to incur other related damages.  Plaintiff has also incurred attorney's fees and expenses and other serious damages.

WHEREFORE, Plaintiff respectfully prays:

a.    That the practices of Defendant complained of herein be adjudged decreed, and declared to be a violation of the rights secured to Plaintiff by state law.

8

b.     That Defendant be required to make Plaintiff whole for its adverse, discriminatory actions through restitution in the form of back pay, with interest of an appropriate inflation factor.

c.     That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

d.     That Plaintiff be awarded compensatory damages in an amount to be established at trial.

e.     That Plaintiff be reinstated to her job or, in the alternative, be awarded front pay and monetary value of any employment benefits she would have been entitled as an employee for Defendant.

f.     The Plaintiff be awarded compensatory damages in an amount in excess of $50,000.00 as established at trial.

g.     That the Court award Plaintiff her attorney's fees, costs and disbursements pursuant to state and federal statute.

h.     That Plaintiff be awarded treble damages as permitted by statute.

i.     That Plaintiff be awarded punitive damages as permitted by statute.

j.     That the Court grant such other and further as it deems fair and equitable.


PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

Dated this 20 day of April 2012.          HALUNEN & ASSOCIATES

                                          _____
                                          Clayton D. Halunen, Atty. No. 219721
                                          Jacob Frey, Atty. No. 0390224
                                          1650 IDS Center
                                          80 South Eighth Street
                                          Minneapolis, MN  55402
                                          Telephone:  612.605.4098
                                          *Attorneys for Plaintiff*


## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.21 to the party against whom the allegations in this pleading are asserted.


Dated this 20 day of April, 2012.

                                          _____
                                          Jacob L. Frey